## ISRAEL CARLTON 2D *vs.* PHINEAS E. DAVIS.

If goods have been taken by replevin from an attaching officer, a judgment in favor of the plaintiff in the replevin suit is conclusive evidence of title in him, as against the attaching plaintiff, and also as against a person who, after the replevin, and having notice thereof, has caused a further attachment of the goods to be made, under Gen. Sts. *c.* 123, §§ 35–39; and it is immaterial that the second attaching plaintiff erroneously supposed that the first attaching plaintiff would defend the replevin suit.

If two separate owners mingle their goods together, it is the duty of an officer who wishes to make an attachment upon a writ against one of them to ascertain, if he can, what portion of the goods belongs to each; and not to attach the whole of them without making the inquiry.

REPLEVIN of a stock of millinery goods.

At the trial in the superior court, before *Putnam*, J., the only question was as to the plaintiff's title. To prove his title he offered in evidence a bill of sale of the goods from Charlotte J. Carlton to Stephen C. Carlton, in December 1861 ; a bill of sale from said Stephen to Elizabeth Cheever, in January 1862 ; and a bill of sale from said Elizabeth to himself, in April 1862. It appeared that, in said January, after the bill of sale to said Elizabeth, David Boynton caused the goods to be attached upon a writ against said Charlotte, and upon the same day the goods were replevied by said Elizabeth. Subsequently to the replevin, Bryant Stephenson and others sued out a writ against said Charlotte, upon which a further attachment of the goods was made in the manner provided by Gen. Sts. c. 123, §§ 35–39, as shown by the officer's return upon the writ. The said Elizabeth recovered judgment in the replevin suit, upon a default. In July 1862 the said Stephenson and others sued out another writ against said Charlotte, upon which the goods in question were attached by the defendant, as deputy sheriff.

It also appeared that the last attachment embraced certain goods purchased and added to the stock since the sale to Elizabeth Cheever, and the defendant contended that these, though purchased in the names of said Elizabeth and of the plaintiff, really belonged to said Charlotte, and that all of the above conveyances were fraudulent, and that the goods mentioned in them belonged to said Charlotte.

The judge instructed the jury that they were to determine, upon the evidence, whether Stephenson and others, or their attorney, knew of the first attachment and of the replevin suit by Elizabeth Cheever; and whether, if they had such knowledge, they had reasonable cause to believe that the replevin suit was defended by Boynton ; that the return of the officer upon their writ was conclusive evidence that they had such knowledge ; that they, having such knowledge, were bound to defend the replevin suit, unless they had reasonable cause to believe that Boynton was defending it; that if they had not such cause, then the judgment in the replevin suit would be conclusive in

this case against the defendant; and that otherwise the judgment would not be conclusive against the defendant, and they might consider all the evidence as to the various conveyances before as well as after the judgment, and determine whether they were made in fraud of Charlotte's creditors, and whether the goods subsequently purchased were in reality purchased for her, and, from the whole evidence, determine the title to the goods now in controversy.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*H. N. Merrill*, for the plaintiff.

*H. Carter*, for the defendant.

DEWEY, J. 1. The judgment in the replevin suit instituted by Elizabeth Cheever was a bar to all questions of title adverse to her that might have been set up by the original attaching creditor of Charlotte J. Carlton. It was equally so as respects the attaching creditors, Stephenson and others, who had attached the property under the provisions of Gen. Sts. *c.* 123, §§ 35–39, pending the replevin suit, and who thus made themselves common parties with the prior attaching creditor, in reference to the effect of a judgment in favor of Elizabeth Cheever.

The presiding judge properly ruled that the return of the officer serving the process for Stephenson & Co. was plenary evidence that they had notice of the replevin suit; but the qualification as to the effect of their having reasonable cause to believe that the creditor who made the first attachment was defending the replevin suit, and that the conclusiveness of the judgment in replevin as respects them would depend upon that fact, was erroneous. Stephenson and others, having made a second attachment of the same goods attached by Boynton, which were attached by both as goods of Charlotte J. Carlton, are to be conclusively affected by the judgment in the replevin suit of Elizabeth Cheever. The title of the plaintiff, through the bill of sale from Elizabeth Cheever of the stock of goods replevied by her, was a good title.

2. Upon the further question, as to the property in that portion

of the goods purchased subsequently to the institution of the replevin suit, the right of the defendant to attach those articles as the property of Charlotte J. Carlton is an open question to the parties. The question of property in those goods is to be settled upon its own merits. The fact that goods have been subsequently purchased and added to the stock owned by Elizabeth Cheever does not defeat the right of the plaintiff to recover for the taking of the old stock. Although the defendant may show the newly purchased articles to be the property of Charlotte J. Carlton, and liable to be taken as such by her creditors, yet the officer had no right to attach the whole stock without first endeavoring to ascertain what particular portion of the stock was of that character. It was his duty to make the inquiry in the first instance, and not that of the other party. *Smith* v. *Sanborn*, 6 Gray, 134. But, as it seems, the purpose was to attach all of the stock, and the defendant now insists that it was all liable to attachment on the writ of Stephenson and others.

The verdict must be set aside, and the case tried under rulings on matters of law as above indicated. *Exceptions sustained.*